1  BURKE, WILLIAMS & SORENSEN, LLP
   JOHN G. YSLAS, SBN 187324
2  jyslas@bwslaw.com
   MICHELE L. GRAELER, SBN 232575
3  mgraeler@bwaslaw.com
   444 S. Flower Street, Suite 2400
4  Los Angeles, California 90071
   Telephone: (213) 236-0600
5  Facsimile: (213) 236-2700

6  Attorneys for Defendants
   LOUIS HOOK (in his individual capacity);
7  SAMSON MENGISTU (in his individual
   capacity); and LOS ANGELES WORLD
8  AIRPORTS

**Filing Fee Exempt
Per Govt. Code § 1603**

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13  MARK A. JOHNSON,                  Case No.  CV08-01732 SJO
                                      [LASC Case No. BC384593]     (CWx)
14             Plaintiff,

15      vs.                           **NOTICE OF REMOVAL OF CIVIL
                                      ACTION UNDER 28 U.S.C. § 1441(b)**
16  LOUIS HOOK (in his individual
    capacity); SAMSON MENGISTU (in
17  his individual capacity); CITY OF    **[Federal Question Jurisdiction –
    LOS ANGELES DEPARTMENT OF          Federal Civil Rights, 42 U.S.C. § 1983]**
18  AIRPORTS or LOS ANGELES
    WORLD AIRPORTS, and DOES 1 -
19  50,

20             Defendants.

21

22      **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

23      **PLEASE TAKE NOTICE** that pursuant to the provisions of 28 U.S.C. §

24  1441(b), Defendants, LOUIS HOOK (in his individual capacity); SAMSON

25  MENGISTU (in his individual capacity); and LOS ANGELES WORLD

26  AIRPORTS (hereinafter "Defendants") hereby remove the above-entitled action to

27  the United States District Court for the Central District of California from the

28  LA #4820-8677-0690                      -1-
                              **NOTICE OF REMOVAL**

1  Superior Court of the State of California for the County of Los Angeles. The
2  grounds for this removal are as follows:

3      1.    The Defendants are informed and believe that on or about January 29,
4  2008, an action was commenced against Defendants in the Superior Court of the
5  State of California for the County of Los Angeles, entitled *Mark A. Johnson v.*
6  *Louis Hook; Samson Mengitsu; City of Los Angeles Department of Airports or Los*
7  *Angeles World Airports; and Does 1-50*, under Case No. BC384593, by the filing
8  of a Summons and Complaint in the Superior Court of the State of California for
9  the County of Los Angeles. (A true and correct copy of Plaintiff's Summons and
10  Complaint is attached as Exhibit "1.")

11      2.    On February 13, 2008, Defendants LOUIS HOOK and LOS
12  ANGELES WORLD AIRPORTS ("LAWA") were first served and received copies
13  of the Summons and Complaint. On February 14, 2008 Defendant SAMSON
14  MENGITSU was served and received a copy of the Summons and Complaint.
15  Defendants LOUIS HOOK, SAMSON MENGITSU and LAWA are informed and
16  believe that there has been no service of process on DOES 1 -50. The foregoing
17  Summons and Complaint constitute all the process, pleadings and orders served
18  upon Defendants LOUIS HOOK, SAMSON MENGITSU and LAWA to date.

19      3.    This action is a civil action of which this Court has original
20  jurisdiction under 28 U.S.C. § 1331[1], and is one which may be removed to this
21  Court by these Defendants pursuant to the provisions of 28 U.S.C. § 1441(b), in
22  that it arises under 42 U.S.C. § 1983. "[F]ederal-question jurisdiction is invoked
23  by and large by plaintiffs pleading a cause of action created by federal law (e.g.,
24  claims under 42 U.S.C. § 1983)." *Grable & Sons Metal Products, Inc. v. Darue*
25  *Engineering & Mfg.*, 545 U.S. 308, 125 S.Ct. 2363 (2005).

26      4.    This is a suit of a wholly civil nature brought in a California Court.

27
28
[1] 28 U.S.C. §1331 states, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

LA #4820-8677-0690           -2-

1  The action is pending in Los Angeles County, California, and accordingly, under

2  Title 28 U.S.C. §§ 84(a) and 1441(a), the United States District Court for the

3  Central District of California is the proper forum for removal.

4        WHEREFORE, Defendants LOUIS HOOK, SAMSON MENGITSU and

5  LAWA request that the above-referenced action now pending in the Los Angeles

6  County Superior Court, State of California, Case No. BC384593, be removed from

7  that Court to this United States District Court.

8  DATED:  March 13, 2008         BURKE, WILLIAMS & SORENSEN, LLP

9

10

11                                By:_____

11                                 JOHN G. YSLAS

12                                 Attorneys for Defendants

12                                 LOUIS HOOK (in his individual

13                                 capacity); SAMSON MENGISTU (in his

13                                 individual capacity); and LOS

14                                 ANGELES WORLD AIRPORTS

15

16

17

18

19

20

21

22

23

24

25

26

27

28  LA #4820-8677-0690

NOTICE OF REMOVAL

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LOUIS HOOK (in his individual capacity); SAMSON MENGISTU (in his individual capacity); CITY OF LOS ANGELES DEPARTMENT OF AIRPORTS or LOS ANGELES WORLD AIRPORTS and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARK A JOHNSON

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE):*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 2 9 2008

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.   Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles Superior Court
111 N. Hill Street
Los Angeles, CA 90012

| CASE NUMBER: *(Número del Caso):* | B C 384593 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
KATHY F. BERNICK law office SB# 89117 578 Washington Blvd. #632 Marina del Rey, CA 90292
(310) 578-6116

DATE: JAN 2 9 2008     JOHN A. CLARKE, Clerk, by     M. GARCIA    , Deputy
*(Fecha)*     *(Secretario)*     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc. | www.USCourtForms.com

1   KATHY F. BERNICK   SBN 89117
    578 Washington Blvd. Suite 632
2   Marina del Rey, Ca 90292
    Tele. (310) 578-6116
3   cell   (310) 343-2221
    kfbesq@kfbernickatlaw.com
4
    Attorney for Plaintiff MARK A. JOHNSON
5

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 29 2008

John A. Clarke, Executive Officer/Clerk
BY MARY GARCIA, Deputy

6

7           LOS ANGELES COUNTY SUPERIOR COURT

8

9                     CENTRAL DISTRICT

10                                            B C 384593

11  MARK A. JOHNSON                )   CASE NO.
                                   )
12          Plaintiff,             )   COMPLAINT FOR DAMAGES,
                                   )   DECLARATORY AND
13          vs.                    )   INJUNCTIVE RELIEF,
                                   )   ATTORNEY FEES AND COSTS,
14  LOUIS HOOK (in his individual  )   VIOLATION OF FEDERAL
    capacity); SAMSON MENGISTU(in his) CIVIL RIGHTS AND RELATED
15  individual capacity);  CITY OF LOS) STATE AND FEHA CLAIMS;
    ANGELES  DEPARTMENT OF          )   DEMAND FOR JURY TRIAL
16  AIRPORTS or LOS ANGELES        )
    WORLD AIRPORTS, and  DOES 1 -  )
17  50,                            )
                                   )
18          Defendants.            )
                                   )
19  _____ )

20

21          PLAINTIFF MARK A. JOHNSON ("Johnson")  for his Complaint alleges

22  as follows:

23          1.      This is an action for damages based on 42 U.S.C. Sec.1983 for

24  violations of Johnson's rights under the First Amendment and Due Process Clause

25  of the Fourteenth Amendment of the U. S. Constitution and related state claims

26  under California Government Code 12920 et. seq.,  the Fair Employment and

27  Housing Act ("FEHA").

28                                    1

## JURISDICTION AND VENUE

2.    The Court has jurisdiction over this action pursuant to 42 U.S.C. section 1983 (federal civil rights) and under Govt. C. Sec. 12965(b) (FEHA claim based on race/national origin discrimination) based on the same core of facts as are the federal claims. Venue lies in this district since FEHA claims may be filed in the Central District.

## PARTIES

3.    Plaintiff Johnson is a resident of Los Angeles County and a employee of Defendant CITY OF LOS ANGELES DEPARTMENT OF AIRPORTS or LOS ANGELES WORLD AIRPORTS ("LAWA").

4.    LAWA is a department of the City of Los Angeles. Its policies, customs, practices, and procedures caused the constitutional violations of which Johnson complains.

5.    At all times herein mentioned, Defendant LOUIS HOOK ("Hook") was an employee of LAWA. His job title was Chief Information Officer (CIO) and had responsibility over the Information Technology Group (ITG) and the IT Operations Division ( IT Operations) under ITG. He is one of the employees responsible for the unjust actions against and demotion of Johnson . He is sued in his individual capacity as a former employee of LAWA.

6.    At all times herein mentioned, Defendant SAMSON MENGISTU ("Mengistu") was an employee of LAWA. His job title was Assistant Executive Director , he was the Second (2nd) line supervisor of Johnson and the direct supervisor of Hook. He is one of the employees responsible for the unjust actions against and demotion of Johnson. He is sued in his individual capacity as an employee of LAWA.

7.    Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the defendants was the agent and employee of

2

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, ATTORNEY FEES AND COSTS, VIOLATION OF FEDERAL CIVIL RIGHTS AND RELATED FEHA AND STATE CLAIMS; DEMAND FOR JURY TRIAL

6

1   each of the remaining defendants, and in doing the things herein alleged, was
2   acting within the scope of his/her agency and employment with the LAWA.

3      8.   Defendants DOE 1 through DOE 50, inclusive, are sued herein under
4   fictitious names. Their true names and capacities are unknown to Johnson. When
5   their true names and capacities are ascertained, Johnson will amend this
6   complaint by inserting their true names and capacities herein. Johnson is informed
7   and believes and thereupon alleges that each of the fictitiously-named defendants
8   is responsible in some manner for the occurrences herein alleged, and that
9   Johnson's damages as herein alleged were proximately caused by those
10  defendants.

11                          **STATEMENT OF FACTS**

12     9.   Johnson was hired by the City's Department of Water and Power
13  ("DWP") in 1984 as an assistant engineer after graduating with a Bachelors of
14  Science Degree in Electrical Engineering from Loyola Marymount University. He
15  progressed from an assistant engineer to associate engineer at DWP, then
16  transferred to LAWA with a promotion to a full engineer (Communications
17  Engineer) in LAWA Information Technology Group ("ITG") in 1997. The full
18  engineer position was referred to as a Communications Engineer in ITG. Johnson
19  always received good reviews from his supervisors at DWP and LAWA over his
20  over 21 year career. In July 10, 2005 Johnson was promoted to the ITG
21  probationary management position (IT Manager) of Telecommunications
22  Planning and Utilities Officer ("TPUO") at the Los Angeles International Airport
23  ("LAX") reporting directly to Louis Hook. The position had a probation period
24  of one year. Hook was required by the City to provide periodic reviews of
25  probationary employees under his supervision including Johnson which he did not
26  do.

27     10.  Johnson received no reviews as a TPUO until May 19, 2006 when he

28                                   3

1   received   reviews for the 2nd and 3rd  review periods which ended on 12/10/05
2   and 3/10/06 respectively and May 22, 2006 when he received the review for the 1st
3   period ending 9/12/05. The first two reviews of Johnson gave him the highest
4   scores. The 3rd stated he needed improvement but did not give any areas in which
5   he needed the improvement. It also recommended to  continue,  not terminate, the
6   probation. This 3rd review was in retaliation for Johnson stating that the area was
7   understaffed and that there were problems with some of the contracts.. These
8   reviews did not follow the city's own mandatory procedures.

9          11.    From July 10, 2005 through May 22, 2006 Johnson  repeatedly
10  both  in his monthly reports to Hook and orally to Craig Jacob,  a consultant  who
11  had day to day responsibility for IT,   advised Hook that important  contracts were
12  about to expire and that  there were not enough resources (people) to write the new
13  contracts. Without these  contracts the safety and security of LAX  was in
14  jeopardy. When a contract expires if no new contract has been issued then the
15  contractor can be retained  for a short period under the old contract and then a
16  different contractor can be retained for a short period but the original contractor
17  cannot be kept on an expired contract indefinitely.   When the contractor for
18  maintenance of one of the security surveillance systems  could no longer be
19  retained without a new contract and its  competitor was going to be given the
20  contract the contractor threatened to go to the  Mayor.

21         12.    On May 22, 2006 Johnson met with Mengistu to notify him of the
22  problems with the security surveillance  systems, the lack of resources to get new
23  contracts,  that an original contractor's  contract  for maintenance of  security
24  surveillance at LAX   had expired, that  the time for keeping it on under the old
25  contract had expired, that the original contractor  had been paid under a different
26  contract, which is not proper, that that contract was also going to expire, that the
27  original contractor had threatened to go to City Council or the Mayor  with how it

28

4

had been paid improperly if anther contractor was awarded this contract and that Hook had told Johnson to just let the security surveillance system maintenance lapse. Giving this information to Mengistu was not part of Johnson's job. Johnson gave Mengistu the monthly reports he had given to Hook.

13.    On June 22, 2006 Hook retaliated against Johnson for telling Mengistu of the improper activities of the IT Operations Division, of the serious lack of resources for getting new contracts and of the resulting serious safety and security problems for LAX and ended Johnson's probationary TPUO position and demoted him to his former position on a pretext, that he needed improvement.

14.    Johnson complained internally to Mengistu and Hook and requested his managerial position back. Johnson believed he was going to get that position back but he was never given that position back.

## EXHAUSTION OF ADMINISTRATIVE REMEDY

15.    Johnson filed a complaint with the Dept of Fair Employment and Housing ("DFEH") complaining of disparate treatment due to race as stated below and has received his right to sue letter. This lawsuit is being filed within the time required by law after receiving a right to sue letter from the DFEH.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS

### Applies to all Defendants - Deprivation of Johnson's Property Interest in His Employment with the LAWA- Denial of Procedural Due Process - 14th Amendment

16.  Plaintiff realleges paragraphs 1- 14 as if fully set forth herein.

17.    The foregoing acts or omissions of the defendants, and each of them deprived plaintiff of rights, privileges, and immunities secured to him by the Due Process Clause of the Fourteenth Amendment to the Constitution of the United

5

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, ATTORNEY FEES AND COSTS, VIOLATION OF FEDERAL CIVIL RIGHTS AND RELATED FEHA AND STATE CLAIMS; DEMAND FOR JURY TRIAL

9

1  States by demoting Johnson for a false reason in retaliation for Johnson's
2  exercise of free speech, namely, reporting to Samson Mengistu the fraud, waste,
3  and serious security and safety issues and lapses he witnessed at LAWA and
4  because of his race and national origin in that Johnson is Asian by birth.

5       18.   As a proximate result of the violation of Plaintiff's rights as listed
6  above by Defendants, Plaintiff has suffered the loss of his job, pay loss, loss of job
7  benefits, humiliation, mental anguish, and severe emotional and physical distress,
8  and have been injured in mind, body, and spirit in an amount in excess of the
9  minimum for jurisdiction in this court.  He has had to retain an attorney and pay
10 fees to prosecute this lawsuit.

11      19.   The acts of Defendants were willful, wanton, malicious, and
12 oppressive, thus justifying an award of exemplary and punitive damages against
13 Defendants, EXCEPT LAWA, in an amount to be determined at trial.

14                    **SECOND CAUSE OF ACTION**
15                    **FEDERAL CIVIL RIGHTS**
16          **(Applies to all Defendants  -  Deprivation of Johnson's**
17                **Free Speech Rights - First Amendment)**

18      20 .  Johnson realleges paragraphs 1- 14 as if fully set forth herein.

19      21.   The foregoing acts or omissions of the defendants deprived plaintiff
20 of rights, privileges, and immunities secured to him by the First Amendment to the
21 Constitution of the United States by demoting Johnson for reporting fraud, waste
22 and serious security and safety issues and lapses he witnessed at LAWA to
23 Samson and to others in authority who had a right to know about the corruption,
24 fraud, waste and serious security and safety issues in government.

25      22.  As a proximate result of the violation of Plaintiff's rights as listed
26 above by Defendants, Plaintiff has suffered the loss of his job, pay loss, loss of job
27 benefits, humiliation, mental anguish, and severe emotional and physical distress,

28

                                    6

1  and have been injured in mind, body, and spirit.  He has had to retain an attorney
2  and pay fees to prosecute this lawsuit.

3      23. The acts of Defendants,  EXCEPT  LAWA, were willful, wanton,
4  malicious, and oppressive, thus justifying an award of exemplary and punitive
5  damages against Defendants in an amount to be determined at trial.

6                          **THIRD CAUSE OF ACTION**
7                          **FEDERAL CIVIL RIGHTS**
8              (**Monell** Liability Applies to Defendant LADWP only)

9      24.    Plaintiff realleges paragraphs 1 -15 above, as if fully set forth herein.

10     25.    Based on the principles set forth in *Monell v. Dept. Of Social*
11 *Services*, and related cases, LAWA  is liable for the injury and damage suffered by
12 plaintiff, because LAWA maintains a policy, practice, custom, and habit whereby
13 supervisors are permitted to terminate employees without cause in retaliation for
14 complaining of government corruption, fraud, or waste.  Several lawsuits have
15 been brought by terminated employees who were terminated in retaliation for
16 exercise of their First Amendment rights.  The Los Angeles City Council is aware
17 of Defendants' retaliatory practices, customs, and policies, but refuses to take any
18 action with consequences against the defendants for maintaining such  retaliatory
19 practices, customs, and policies.   LAWA also engages in a pattern, practice,
20 custom, and practice of treating employees of minority background differently and
21 to their detriment from white employees.

22     26.    The LAWA has implemented the aforementioned unlawful policies,
23 customs, and practices by, among other things, failing to supervise and control
24 their supervisors and by failing to conduct investigations of reported supervisor
25 misconduct, and by failing to enforce anti-discrimination policies.  LAWA has
26 also either failed to maintain, enforce, and provide adequate training, re-training,
27 or discipline, of its supervisors.  LAWA was also aware, or should have been

28
                                    7

1 aware, of Defendants' mistreatment of employees.

2     27.   As a proximate result of the violation of Plaintiff's rights as listed
3 above by LAWA, Plaintiff has suffered the loss of his job, pay loss, loss of job
4 benefits, humiliation, mental anguish, and severe emotional and physical distress,
5 and have been injured in mind, body, and spirit for which LAWA is liable.

6 **FOURTH THIRD CAUSE OF ACTION**
7 **DISCRIMINATION**

8     28.  Plaintiff realleges paragraphs 1 -15 above, as if fully set forth herein
9     29.  From the time of his promotion until the time of his demotion plaintiff
10 experienced disparate treatment in the terms and conditions of his  employment
11 from defendants and each of them due in part to his race, Asian, a  protected
12 category under the FEHA. In particular plaintiff was not given periodic
13 evaluations during his probationary period as required by the city and he was not
14 given the resources needed to get the job done..

15     30. As a proximate result of this disparate treatment by defendants and each
16 of them,  Plaintiff has suffered the loss of his job, pay loss, loss of job benefits,
17 humiliation, mental anguish, and severe emotional and physical distress, and have
18 been injured in mind, body, and spirit for which LAWA is liable.

19     31.  The acts of Defendants,  EXCEPT  LAWA, were willful, wanton,
20 malicious, and oppressive, thus justifying an award of exemplary and punitive
21 damages against Defendants in an amount to be determined at trial.

22     32. Plaintiff requests attorney fees be awarded  pursuant to California
23 Government Code section 12965(b) and any other applicable code sections.

24 **DECLARATORY RELIEF**

25     33.  There is a dispute between Plaintiff and Defendants in that Plaintiff
26 alleges that the acts complained of herein constitute a violation of his civil rights
27 under the federal Constitution, and further constitute tortious and discriminatory

28

8

1  misconduct.

2      34.  Defendants deny they have violated Plaintiffs' constitutional or

3  committed torts against him or discriminated against him.  Plaintiff requests that

4  the Court adjudicate this controversy and enter a declaratory judgment for

5  determination of Plaintiff's rights and privileges.

6                              **EQUITY**

7      35.  Plaintiff has no plain, adequate, or complete remedy at law to redress

8  the wrongs described herein.  Plaintiff has been, and will continue to be,

9  irreparably injured by the conduct of the defendants unless the court grants him

10  the declaratory and injunctive relief which he seeks.

11                              **PRAYER**

12      **WHEREFORE**, plaintiff prays for damages as to each cause of action

13  against each defendant as permitted by law, as follows:

14      1.   A declaratory judgment that Defendants' actions violate Plaintiff's

15           right to procedural due process under the Fourteenth Amendment and

16           retaliation for exercising free speech under the First Amendment and

17           further constitutes discriminatory misconduct because of his  race.

18           and national origin;

19      2.   A permanent injunction ordering reinstatement of Johnson  to his

20           former managerial  LAWA employment with appropriate back pay

21           and benefits;

22      3.   General damages against each and every defendant in an amount to be

23           proved at trial;

24      4.   Special damages according to proof;

25      5.   Punitive or exemplary damages, as to all defendants EXCEPT

26           LADWP as determined by the trier of fact;

27      6.   Reasonable costs and attorney's fees under 42 U.S.C. section 1988,

28

                                    9

1  Government Code Section 12965 (b)  and other applicable federal or state statute
2  or rule;

3      7.  For such other relief as may be just and proper.

4

5      DATE: January 14,  2008

6                          Respectfully submitted,

7

8

9                      KATHY F. BERNICK
                    Attorney for Plaintiff,
10                      Mark A. Johnson

11                 **DEMAND FOR JURY TRIAL**

12  TO THE HONORABLE COURT:

13      Plaintiff requests a trial by jury on all issues on which a party is
14  entitled to have a jury decide.

15      DATE: January 14,  2008

16

17                      KATHY F. BERNICK

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, ATTORNEY FEES AND
COSTS, VIOLATION OF FEDERAL CIVIL RIGHTS AND RELATED FEHA AND STATE CLAIMS;
DEMAND FOR JURY TRIAL

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

KATHY F. BERNICK #89117 Law Office
578 Washington Blvd. #632
Marina del Rey, CA 90292
TELEPHONE NO.: 310.578.6116          FAX NO.:
ATTORNEY FOR *(Name):* Mark A. Johnson

**FOR FILE Page #:19**
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 29 2008

John A. Clarke, Executive Officer/Clerk
BY MARY GARCIA, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS:
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME:
MARK A. JOHNSON v. LOUIS HOOK etc., et al.,

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC384593 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [✓] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September ~~January~~ 20 2008
Kathy F. Bernick
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Johnson v. Hook | BC 384593 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

Step 1: After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

Step 2: Check one Superior Court type of action in Column B below which best describes the nature of this case.

Step 3: In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

Step 4: Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100   Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110   Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070   Asbestos Property Damage<br>☐ A7221   Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Product Liability (24) | ☐ A7260   Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Medical Malpractice (45) | ☐ A7210   Medical Malpractice - Physicians & Surgeons<br>☐ A7240   Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250   Premises Liability (e.g., slip and fall)<br>☐ A7230   Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270   Intentional Infliction of Emotional Distress<br>☐ A7220   Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ A6029   Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Civil Rights (08) | ☑ A6005   Civil Rights/Discrimination | 1., 2., 3. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Defamation (13) | ☐ A6010   Defamation (slander/libel) | 1., 2., 3. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Fraud (16) | ☐ A6013   Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC, rule 2.0

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| Johnson v. Hook | | |

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/<br>Wrongful Death Tort (Cont'd.) | Professional<br>Negligence<br>(25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination<br>(36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment<br>(15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Contract | Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections<br>(09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage<br>(18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract<br>(37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Real Property | Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction<br>(33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property<br>(26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer | Unlawful Detainer-<br>Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-<br>Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-<br>Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration<br>(11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

**17**

| SHORT TITLE:<br>Johnson v. Hook | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Judicial Review (Cont'd.)**<br>Writ of Mandate<br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation**<br>Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| Toxic Tort<br>Environmental  (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment**<br>Enforcement<br>of Judgment<br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints**<br>RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions**<br>Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**18**

LACIV 109 (Rev. 01/07)

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

LASC, rule 2.0<br>Page 3 of 4

| SHORT TITLE:<br>Johnson v. Hook | CASE NUMBER |
|---|---|

Item III. *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>Los Angeles International Airport | |
|---|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90009 |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____ courthouse in the ___Central___ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: __January 20, 20078__

_____
[SIGNATURE OF ATTORNEY/FILING PARTY]

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**19**

SUPERIOR COURT OF CALIFORNIA—COUNTY OF ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____

BC384593

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Gregory Alarcon | 36 | 410 | | Hon. William F. Highberger | 32 | 406 | |
| Hon. Conrad Aragon | 49 | 509 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Helen I. Bendix | 18 | 308 | | Hon. Jane L. Johnson | 56 | 514 | |
| Hon. Elihu M. Berle | 42 | 416 | | Hon. Ann I. Jones | 40 | 414 | |
| Hon. Tricia Ann Bigelow | 23 | 315 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. Charles C. Lee | 33 | 409 | |
| Hon. Soussan G. Bruguera | 71 | 729 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Susan Bryant-Deason | 52 | 510 | | Hon. Rita Miller | 16 | 306 | |
| Hon. James C. Chalfant | 13 | 630 | | Hon. David L. Minning | 61 | 632 | |
| Hon. Victoria Chaney* | 324 | CCW | | Hon. Aurelio Munoz | 47 | 507 | |
| Hon. Judith C. Chirlin | 19 | 311 | | Hon. Mary Ann Murphy | 25 | 317 | |
| Hon. Ralph W. Dau | 57 | 517 | | Hon. Joanne O'Donnell | 37 | 413 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Yvette M. Palazuelos | 28 | 318 | |
| Hon. James R. Dunn | 26 | 316 | | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Mark Mooney | 68 | 617 | | Hon. Alan S. Rosefield | 31 | 407 | |
| Hon. William F. Fahey | 78 | 730 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Irving S. Feffer | 51 | 511 | | Hon. John P. Shook | 53 | 513 | |
| Hon. Edward A. Ferns | 69 | 621 | | Hon. Ronald M. Sohigian | 41 | 417 | |
| Hon. Kenneth R. Freeman | 64 | 601 | | Hon. Michael C. Solner | 39 | 415 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Elizabeth A. Grimes | 30 | 400 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Paul Gutman | 34 | 408 | | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Mary Thornton-House | 17 | 309 | |
| | | | | Other | | | |
| | | | | | | | |

*Class Actions

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____  JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or appropriate on counsel for the party.

This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

## Class Actions

All class actions are initially assigned to Judge Victoria Chaney in Department 324 of the Central Civil West courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

# LOS ANGELES COUNTY
## DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

### Asian-Pacific American Dispute Resolution Center
(213) 250-8190
(Spanish & Asian languages capability)

### California Academy of Mediation Professionals
(818) 377-7250

### Center for Conflict Resolution
(818) 380-1840

### Inland Valleys Justice Center
(909) 397-5780
(Spanish language capability)

### Office of the Los Angeles City Attorney Dispute Resolution Program
(213) 485-8324
(Spanish language capability)

### Los Angeles County Bar Association Dispute Resolution Services
toll free number 1-877-4Resolve (737-6583) or (213) 896-6533
(Spanish language capability)

### Los Angeles County Department of Consumer Affairs
(213) 974-0825
(Spanish language capability)

### The Loyola Law School Center for Conflict Resolution
(213) 736-1145
(Spanish language capability)

### Martin Luther King Legacy Association Dispute Resolution Center
(323) 290-4132
(Spanish language capability)

### City of Norwalk
(562) 929-5603

DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.

## THIS IS A TWO-SIDED DOCUMENT.

ADR 007 07-04
LASC Approved

## What is the goal of mediation?

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

## Do I need an attorney for this?

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you.

## How long does it take?

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

| A Mediator helps parties. . . | A Mediator does not... |
|---|---|
| ✦ Have productive discussions<br>✦ Avoid or break impasses<br>✦ Defuse controversy<br>✦ Generate options that have potential for mutual gain<br>✦ Better understand each other's concerns and goals<br>✦ Focus on their interests rather than their positions | ✦ Provide advice or opinions<br>✦ Offer legal information<br>✦ Make decisions for parties<br>✦ Represent or advocate for either side<br>✦ Judge or evaluate anyone or anything<br>✦ Conduct research<br>✦ "Take Sides" |

**What does it cost?**

The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals.

**Legal Advice/Information**

If you want to retain an attorney, a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center.

**What is the difference between the contractors listed and the Superior Court ADR Office?**

The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case.

**Self-Help Legal Access Centers** are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses.  nls-la.org and lafla.org

**Court Personnel** can answer non-legal questions (forms, fees, fee waivers).  lasuperiorcourt.org

**Low-income individuals** may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings.

---

### Dispute Resolution Programs Act (DRPA) Grants Administration Office
(213) 738-2621
(The DRP Office is not a Superior Court Office. Consult your phone directory to locate the number of the Court Office on your summons.)

**THIS IS A TWO-SIDED DOCUMENT.**

23

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN<br>ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process *(describe):* _____

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

**24**

ADR 001 10-04
LASC Approved
(Rev. 1-07)

STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)

Cal. Rules of Court, rule 3.221
Page 1 of 2

| Short Title | Case Number |
|---|---|
| | |

Name of Stipulating Party

☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party

☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party

☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party

☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party

☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party

☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party

☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party

☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party

☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party

☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

ADR 001 10-04
LASC Approved
(Rev. 01-07)

STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)

Cal. Rules of Court, rule 3.221
Page 2 of 2

# LOS ANGELES SUPERIOR COURT
## CIVIL ALTERNATIVE DISPUTE RESOLUTION (ADR) PROGRAMS
[CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of the ADR Information package on each defendant along with the complaint.

## ADR PROGRAMS

"Alternative Dispute Resolution (ADR)" is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes such as arbitration, mediation, early neutral evaluation (ENE), and settlement conferences, are less formal than court and provide opportunities for litigants to reach an agreement using a problem-solving approach rather than the more adversarial approach of litigation.

MEDIATION          A neutral third party called a "mediator" helps participants in the dispute create their own resolution. The mediator helps facilitate a discussion in which the parties reach a mutually agreed upon settlement. Therefore, mediation allows for more creative resolutions to disputes than other ADR processes.

The Court Mediation Program is governed by Code of Civil Procedure sections 1775-1775.15, California Rules of Court, Rules 3.850-3.868 and 3.870-3.878; Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, Chapter 12.

ARBITRATION          A neutral third party called an "arbitrator" listens to each side in the dispute present its case. The arbitrator, who is an attorney, issues a decision based on the evidence. Although evidence is presented, arbitration is a less formal process than litigation. The decision is non-binding unless the parties agree in writing to binding arbitration.

The Court Arbitration Program is governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, Rules 3.810-3.830, and Los Angeles Superior Court Rules, Chapter 12.

ENE          A neutral third party called an "evaluator" will provide the parties and their counsel, on a voluntary basis and in a confidential session, the opportunity to make summary presentations of their claims and defenses, including key evidence. After hearing the presentations, the evaluator, who is an experienced lawyer with subject-matter expertise, offers a non-binding evaluation.

The evaluator will also help clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions, and, if requested by parties, settlement assistance. Although settlement is not the primary goal of ENE, the ENE process can reduce litigation time and costs and promote settlement.

The Court ENE Program is governed by Los Angeles Superior Court Rules, Chapter 12.

SETTLEMENT          A neutral third party called a "settlement officer," who is also a retired judge, assists the parties in
CONFERENCE          negotiating their own settlement and may evaluate the strengths and weaknesses of the case.

## JURISDICTIONAL LIMITATIONS

MEDIATION,          Any case in which the amount in dispute is between $25,000-$50,000 per plaintiff, and was not previously
ARBITRATION          referred to the Court ADR Program, can be sent to the Court ADR Program for mediation, arbitration, or
&          ENE by stipulation, election by plaintiff or order of the court.
ENE

Parties may *voluntarily* request or initiate a mediation or arbitration proceeding, regardless of the amount in dispute.

SETTLEMENT          Any case, regardless of the amount in dispute, may be ordered to a settlement conference. There is no
CONFERENCE          monetary limit.

## REFERRAL INFORMATION

After the Court determines the suitability of a case for ADR, the Court directs the parties to the ADR Department to initiate the ADR process. Once the parties have completed the ADR intake forms, a Neutral may be selected.

**26**

## NEUTRAL SELECTION

Parties may select a mediator or arbitrator from the Court Party Pay Panel or Pro Bono Panel or may hire someone privately, at their discretion. Parties are assigned to a settlement officer by court staff.

## COURT ADR PANELS

PARTY PAY PANEL
The Party Pay Panel consists of mediators and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing.

PRO BONO PANEL
The Pro Bono Panel consists of trained mediators and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel and experienced mediators and arbitrators who make themselves available pro bono. Mediators and arbitrators donate their time to the courts as a way of supporting the judicial system. It is the policy of the Court that all pro bono volunteer mediators and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing.

ENE
The Court ENE Panel consists of experienced lawyers who have been trained to serve as neutral evaluators. The evaluators provide preparation time and three hours hearing time per case at no charge. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the evaluator if the parties consent in writing.

PRIVATE NEUTRAL
The market rate for private neutrals can range from $200-$1,000 per hour.

For additional information, visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

27

# PROOF OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 444 South Flower Street , Suite 2400, Los Angeles, California 90071.

On March 13, 2008, I served the following document(s): **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)** on the interested parties in this action by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

Kathy F. Bernick
578 Washington Boulevard, Ste. 632
Marina, del Rey, CA 90292

( X )    (By U.S. Mail): I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Los Angeles, California.

(  )    (By Overnight Courier), I caused the above-referenced document(s) to be deposited in a box or other facility regularly maintained by the overnight courier, or I delivered the above-referenced document(s) to an overnight courier service, for delivery to the above addressee(s).

Executed March 13, 2008, Los Angeles, California.

(  )    (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(XX)    (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Theresa Nevarez

1 **PROOF OF SERVICE**

2 I declare that I am over the age of eighteen (18) and not a party to this action. My
3 business address is 444 South Flower Street , Suite 2400, Los Angeles, California 90071.

4 On March 14, 2008, I served the following document(s): **NOTICE TO STATE COURT**
**OF FILING NOTICE OF REMOVAL**  on the interested parties in this action by placing a true
5 and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

6 Kathy F. Bernick
578 Washington Boulevard, Ste. 632
7 Marina, del Rey, CA 90292

8 ( X ) (By U.S. Mail): I am readily familiar with the business' practice for collection
9 and processing of correspondence for mailing with the United States Postal
Service. I know that the correspondence was deposited with the United States
10 Postal Service on the same day this declaration was executed in the ordinary
course of business. I know that the envelope was sealed and, with postage
11 thereon fully prepaid, placed for collection and mailing on this date in the United
States mail at Los Angeles, California.
12

13 ( ) (By Overnight Courier), I caused the above-referenced document(s) to be
deposited in a box or other facility regularly maintained by the overnight courier,
14 or I delivered the above-referenced document(s) to an overnight courier service,
for delivery to the above addressee(s).
15

16 Executed March 14, 2008, Los Angeles, California.

17 (XX) (State) I declare under penalty of perjury under the laws of the State of
California that the above is true and correct.

18 ( ) (Federal) I declare that I am employed in the office of a member of the bar
19 of this court at whose direction the service was made.

20

21

22 Theresa Nevarez

23

24

25

26

27

28
LA #4821-1135-1298 v1                  -3-
NOTICE TO STATE COURT OF FILING NOTICE OF REMOVAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV08- 1732 SJO (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
MARK A. JOHNSON

**DEFENDANTS**
LOUIS A. HOOK; SAMSON MENGISTU; CITY OF LOS ANGELES DEPARTMENT OF AIRPORTS or LOS ANGELES WORLD AIRPORTS, and DOES 1 - 50,

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
LOS ANGELES

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
LOS ANGELES

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Kathy F. Bernick (SBN 89117)
578 Washington Boulevard, Ste. 632
Marina del Rey, CA 90292
(31) 578-6116

Attorneys (If Known)
BURKE, WILLIAMS & SORENSEN, LLP
John G. Yslas (SBN 187324); Michele L. Graeler (SBN 232575)
444 South Flower Street, 24th Floor
Los Angeles, CA 90071 (213) 236-0600

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No     ☐ MONEY DEMANDED IN COMPLAINT: $\_\_\_\_\_

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. Section 1983 - Plaintiff alleges violation of Federal Civil Rights

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities /Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**TORTS**
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability
**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157
**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☑ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition
**FORFEITURE/ PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act
**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark
**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: _____

CV-71 (07/05)     CIVIL COVER SHEET     Page 1 of 2

CV 08-01732

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

       ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

       ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

       ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
    Los Angeles

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
    Los Angeles

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
    Los Angeles

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date _____ March 13, 2008

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |